NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QUICK DISPENSE, INC., a California
corporation,

          Plaintiff - Appellant,

 v.

VITALITY FOODSERVICE, INC., a
Delaware corporation doing business as
Nestle Professional,

          Defendant - Appellee.

No. 25-1540

D.C. No.
8:23-cv-02322-FWS-ADS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted August 3, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Quick Dispense, Inc. appeals the district court's Federal Rule of Civil

Procedure 12(b)(6) dismissal of Quick Dispense's Fourth Amended Complaint

("4AC"), which alleges a single claim for breach of implied contract. The district

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
     \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court found that the 4AC failed to adequately allege the existence of an implied contract and thus failed to state a claim for breach of an implied contract. Quick Dispense timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review an order granting a motion to dismiss de novo. When conducting this review, we accept all nonconclusory factual allegations in the complaint as true." *D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1100 (9th Cir. 2024) (citation modified), *cert denied,* 145 S. Ct. 1478 (2025). Quick Dispense must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

On November 20, 2020, Quick Dispense and Vitality Foodservice, Inc., dba Nestlé Professional ("Nestlé") entered into three agreements (collectively, the "Distribution Agreement"), which granted Quick Dispense the right to sell and distribute Nestlé products to certain customers in a defined territory for an initial three year term. The Distribution Agreement would extend automatically for two

years unless either party provided written notice of non-renewal at least 90 days before the end of the initial term or extension term, as applicable. On May 1, 2023, Nestlé sent Quick Dispense a non-renewal letter, explaining that Nestlé would instead sell its products directly to its customers.

Before the initial three year term expired, Quick Dispense sued Nestlé in state court. Quick Dispense relied on the May 1, 2023 non-renewal letter to allege that Nestlé would not renew the Distribution Agreement and argued that California franchise law required Nestlé to renew the Distribution Agreement. Following Nestlé's removal of the case to federal court and the expiration of the Distribution Agreement on November 16, 2023, Quick Dispense filed a Second Amended Complaint, which added an alternative claim for breach of an implied contract to renew the Distribution Agreement. The district court dismissed Quick Dispense's Second, Third, and Fourth Amended Complaints for failure to adequately allege the existence of an implied contract.[1]

On appeal, Quick Dispense argues that the 4AC adequately pled the existence of an implied contract to renew the Distribution Agreement by alleging that: (1) Nestlé continued to sell Nestlé products using Quick Dispense's dispensers, and (2) Quick Dispense continued to service its own equipment.

---

[1] The district court dismissed the Second and Third Amended Complaints with leave to amend and the 4AC without leave to amend.

Further, Quick Dispense alleges that a letter Nestlé sent on August 9, 2024 confirmed Nestlé's understanding that the Distribution Agreement was renewed.

Under California law, "[a]n implied contract is one, the existence and terms of which are manifested by conduct." Cal. Civ. Code § 1621. "The distinction between *express* and *implied in fact* contracts relates only to the *manifestation of assent . . . ." Varni Bros. Corp. v. Wine World, Inc.*, 41 Cal. Rptr. 2d 740, 745 (Cal. Ct. App. 1995), *as modified on denial of reh'g* (July 7, 1995) (citation modified). Thus, "a contract implied in fact consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words." *Retired Emps. Ass'n. of Orange Cnty., Inc. v. County of Orange*, 266 P.3d 287, 290 (Cal. 2011) (citation modified). "California courts follow the objective theory of mutual assent under which the terms of a contract are established . . . by such words or conduct as justify the promisee in understanding that the promisor intended to make a promise." *People v. Randono*, 108 Cal. Rptr. 326, 333 (Cal. Ct. App. 1973). For example, parties may manifest the requisite mutual agreement and intent to promise where the parties "continued to perform . . . under the terms of [a] written contract" that has expired. *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999).

The 4AC does not adequately allege the existence of an implied contract to renew the Distribution Agreement for three reasons. First, the 4AC fails to allege

that Quick Dispense or Nestlé continued to perform most of the Distribution Agreement's many terms. *Cf. id.* For example, the 4AC does not allege that Quick Dispense continued to solicit and generate orders, provide Nestlé with the required reports, or make its weekly $60,000 payment. Nor does the 4AC allege that Nestlé continued to pay Quick Dispense the required Base Sales Incentive, or provide Quick Dispense with the required daily, weekly, and monthly reports. Considering the Distribution Agreement's breadth and the 4AC's scant allegations of the parties' post-expiration conduct, it is at best "speculative," *Twombly*, 550 U.S. at 555, that Quick Dispense and Nestlé both objectively manifested their assent to renew all the Distribution Agreement's terms.

Second, the 4AC alleges that Nestlé's post-expiration conduct—including selling Nestlé products using Quick Dispense's dispensers—violated the Distribution Agreement. Conduct violating the Distribution Agreement does "not plausibly suggest" or "allow[] the court to draw the reasonable inference" that Nestlé objectively manifested an intent to renew the Distribution Agreement. *Iqbal*, 556 U.S. at 678, 680.

Third, Nestlé did not confirm in the August 9, 2024 letter that the Distribution Agreement's terms were still in effect. The only provision of the Distribution Agreement that the letter references is an obligation in the Distribution Agreement that, by its own terms, persisted "for a period of one year following

expiration or termination of th[e] Agreement." The August 9, 2024 letter was sent only nine months after the Distribution Agreement expired on November 16, 2023. Thus, the letter sought to enforce a term of the Distribution Agreement that was still in effect.

In sum, the 4AC fails to state a claim because it does not adequately allege the existence of an implied contract, which is a necessary element of a claim for breach of implied contract. *See Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (the existence of a contract is an element of a breach of contract claim); *Yari v. Producers Guild of Am., Inc.*, 73 Cal. Rptr. 3d 803, 811 (Cal. Ct. App. 2008) ("A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract . . . ."); *see also Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) ("A Rule 12(b)(6) dismissal can be based on . . . the absence of sufficient facts alleged under a cognizable legal theory." (citation modified)).[2]

**AFFIRMED.**

---

[2] The 4AC's failure to adequately allege the existence of an implied contract is dispositive, so we need not reach the other issues presented on appeal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").